IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FIDEL CAMACHO-DURÁN,

    **Petitioner,**

        **v.**

UNITED STATES OF AMERICA,

    **Respondent.**

**Civil No.** 18-1219(FAB)
related to
**Criminal No.** 14-166 (FAB)

## OPINION AND ORDER

**BESOSA, District Judge.**

Before the Court is Fidel Camacho-Durán's ("Petitioner" or "Camacho-Durán") *pro-se* motion to vacate, set aside, or correct his sentence in Criminal Case No. 14-166, pursuant to Title 28, United Sates Code, section 2255 ("section 2255"), (Civil Docket No. 1); Petitioner's Memorandum in Support (Civil Docket No. 1-1); the Government's Response (Civil Docket No. 15); and Petitioner's Reply (Civil Docket No. 16).  For the reasons set forth below, the Court dismisses with prejudice Petitioner's motion to vacate his sentence.

## I.   BACKGROUND

On June 12, 2014, Camacho-Durán,[1] along with eighteen additional defendants, was charged in a three-count Third

---

[1] Camacho-Durán was defendant number sixteen in Case No. 14-166 (FAB) and is a Colombian national arrested in Colombia.

Civil No. 18-1219 (FAB)                                              2

Superseding Indictment (Criminal No. 78).[2]   Count Two charged
Petitioner and his co-defendants with conspiracy to possess with
intent to distribute a controlled substance, in violation of
Title 21, <u>United States Code</u>, Section 846.[3]   Count Three charged
Camacho-Durán with conspiracy to import narcotics into the United
States from a place outside thereof in violation of Title 21,
<u>United States Code</u>, section 963.   <u>Id.</u>

On March 9, 2017, Petitioner, pursuant to a Plea Agreement,
pled guilty to Count Two of the Third Superseding Indictment.
(Criminal Docket Nos. 564 and 565)

On June 14, 2017, Camacho-Durán was sentenced to a term of
imprisonment of one hundred ten months and twelve days, as well as
a term of supervised release of five (5) years.[4]   (Criminal Docket

---

[2] Camacho-Durán was charged in counts two and three of the Third Superseding
Indictment in Case No. 14-166 (FAB).

[3] Camacho-Durán was described as one of the leaders of the conspiracy.   The
leaders controlled the importation, storage, and eventual distribution of the
narcotics in Puerto Rico and the Continental United States.   They were also the
eventual recipients of the proceeds of the drug sales.   (Criminal Docket No. 78
at p. 5)

[4] The Plea Agreement entered into by the parties stipulated that the parties
reserve the right to recommend a sentence of one hundred twenty (120) months of
imprisonment, which was the mandatory statutory minimum. (Criminal Docket
No. 565 at pp. 4 and 5)   During the Sentencing Hearing the Court stated: "The
Court will take into consideration that Mr. Camacho was arrested in Colombia on
December 5, 2015, for these charges and was imprisoned in Colombia until he was
deported to the – until he was brought to the United States.   Therefore, pursuant
to sentencing guideline section 5G1.3, the Court will adjust the 120-month
sentence to credit 9 months and 18 days to it." (Sent. Hrg. Trans. at p. 13,
Criminal Docket No. 632).

No. 611)  Judgment was entered on the same day.  (Criminal Docket No. 612)

Camacho-Durán did not appeal his sentence.  It became final fourteen (14) days after June 28, 2017 when his right to appeal expired.[5]  Camacho-Durán signed and certified that he had placed his 2255 petition in the prison mailing system on March 18, 2018. Therefore, it was filed timely.

## II.  STANDARD OF REVIEW

"[A] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).  Claims that do not allege constitutional or jurisdictional errors are properly brought pursuant to section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete

---

[5] Rule 4(b)(10(A)(I) of the Federal Rules of Appellate Procedure provides the term of fourteen (14) day to file a timely notice of appeal in a criminal case.

miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id.

A motion filed pursuant to section 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless the petitioner can demonstrate both (1) cause for the procedural default, and (2) actual prejudice resulting from the error asserted. Id.; United States v. Frady, 456 U.S. 152, 167-68 (1982).

**III. DISCUSSION**

In his section 2255 petition, Camacho-Durán makes the following allegations:

> Ineffective assistance of counsel – Counsel was ineffective in his advice to enter into a plea agreement with a waiver of appeal clause.

Ineffective assistance of counsel – Counsel was ineffective in his failure to argue against a two-point leadership enhancement and failure to argue for a minor role in the offense.

Ineffective assistance of counsel – Counsel was ineffective for failing to ask for a safety valve reduction.

To establish ineffective assistance of counsel, a defendant must show that:

1.   His attorney's performance was deficient; and

2.   The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

To establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is the defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'' Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. This

assessment, however, "must be a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or successful defense.'" Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994).

A claim of ineffective assistance of counsel "requires a court to first assess whether 'counsel's representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky, 130 S.Ct. 1473, 1482 (2010). It is pellucidly clear that Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness, and that prejudice resulted from it, Strickland, 466 U.S. at 687. See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must show both prongs as to each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanael, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide, and "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Pursuant to Strickland, Petitioner must identify acts or omissions by counsel which must be outside the wide range of professional competent assistance and the harm the actions caused. Furthermore, "a defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010).

**A.  Ineffective Assistance of Counsel – Waiver of Appeal**

Camacho-Durán claims that his counsel was ineffective when the Plea Agreement was prepared, because he allowed the Government to include a waiver of appeal clause in his Plea Agreement, and advised him to sign the plea.  In addition, Camacho-Durán alleges that his attorney pressured him to waive his right to attack his sentence collaterally.

Camacho-Durán has made these blanket allegations without presenting any evidence to sustain them.  For example, there are no letters to his attorney requesting an appeal.

Camacho-Durán adds that when he asked his counsel about an appeal his attorney advised him that the Plea Agreement contained a waiver of appeal if he was sentenced pursuant to the plea agreement.  A review of Petitioner's Change of Plea Hearing transcript reveals that under oath, Camacho-Durán stated that he

had discussed with his attorney all the terms and conditions of
the Plea Agreement and that he understood them.  Camacho-Durán
also indicated that he had signed his Plea Agreement freely and
voluntarily and was not coerced into doing so.  Camacho-Durán also
acknowledged that he was satisfied with his counsel.  (C.O.P. Tran.
Criminal Docket No. 631).  Mere unsubstantiated allegations of
ineffective assistance of counsel, contradicted by the record can
not be entertained by the Court.  "The presumption of truthfulness
of the Rule 11 statements will not be overcome unless the
allegations in the Sec. 2255 motion are sufficient to state a claim
of ineffective assistance of counsel and include credible, valid
reasons why a departure from those earlier contradictory
statements is now justified."  United States v. Butt, 731 F.2d 75,
80 (1st Cir. 1984).  A petitioner "should not be heard to
controvert his Rule 11 statements unless he has offered a valid
reason why he should be permitted to depart from the apparent truth
of his earlier statements."  Id.  That is the case here.

        Having established that Camacho-Durán cannot sustain his
first allegation of ineffective assistance of counsel or meet the
Strickland standard, that first allegation is **DENIED**.

    B.   **Ineffective Assistance of Counsel – Leadership Enhancement**

        Camacho-Durán's second allegation is that his counsel
was ineffective because he failed to argue the two-point leadership

enhancement which was part of the Plea Agreement and was used at sentencing by the Court.  Once again Petitioner fails to meet his Strickland burden of proof.

Petitioner knowingly and voluntarily stipulated to the applicable enhancement.  He informed the Court of it at his Change of Plea Hearing.  Camacho-Durán cannot now, after the fact, retract his plea acceptance because it suits him.  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Parrilla-Tirado, 22 F3d 368, 373 (1st Cir.1994).  "It is the policy of the law to hold litigants to their assurances we will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so."  United States v. Pellerito, 878 F.2d 1535, 1539 (1st Cir. 1989).

Petitioner's allegation that his counsel was ineffective because he failed to argue for a minor role reduction would have been a breach of the Plea Agreement, and would have exposed Petitioner to a more lengthy term of imprisonment.

Furthermore, Petitioner has not shown how he would be prejudiced if he had rejected the plea agreement because it included the two-point leadership enhancement.  Had Camacho-Durán elected to go to trial instead of pleading guilty, he could have been convicted of possessing a greater amount of drugs, exposing him to a sentencing range from ten years to life.

Petitioner's second allegation of ineffective assistance of counsel, his alleged failure to argue against Petitioner's leadership role is **DENIED.**

## C. Ineffective Assistance of Counsel — Failure to Ask for a Safety Valve Reduction

Petitioner's third allegation of ineffective assistance of counsel is that his counsel failed to ask for a safety valve reduction to his sentence.  This third allegation is also contradicted by the record.

First of all, Camacho-Durán is not eligible for the safety valve.  Petitioner entered into a plea agreement that included a two-level enhancement for leadership role, which disqualifies him for a safety valve reduction, U.S.S.G. 5C1.2(4).

For the sake of argument, however, the Court will assume that Petitioner's allegation of his ineffective assistance relates to his allegations that counsel did not argue for a reduction to

his sentence due to his cooperation. This claim is also
contradicted by the record.

        Prior to sentencing, defense counsel filed a Sentencing
Memorandum (Criminal Docket No. 605) in which counsel devoted an
entire section to what he entitled Post Arrest Cooperation of
Defendant Fidel Camacho Durán. (Criminal Docket No. 605 at p. 5)
Camacho-Durán's counsel explained to the Court the different
interviews Camacho-Durán gave to federal agents when he was
arrested in Colombia, and detailed his willingness to continue
cooperating with the government. Counsel specifically stated:
"While the Government has not elected to file a U.S.S.G. Sec. 5K1.1
Substantial Assistance motion for Fidel Camacho Durán in this case,
the Court is nevertheless free to consider the overall cooperative
attitude, Fidel's openness and efforts at cooperating in
fashioning a sentence under 18 U.S.C. Sec. 3553(a)." (Criminal
Docket No. 605 pp. 5 and 6)

        The record also reflects that the issue of Camacho-
Durán's cooperation and possible benefit was discussed at
Petitioner's Sentencing Hearing (Criminal Docket No. 632). Upon
counsel's statement to the Court about Petitioner's cooperation
and multiple interviews, the prosecutor stated:

    Ms. Milanes: Yes, Your Honor, that's correct. He did
    offer to cooperate, and he was interviewed three times,

it's correct.   However, the information that he provided, unfortunately, just wasn't useful to the Government.   It wasn't that it was doubted.   It wasn't anything that we could use because all the other co-defendants had already pled to a plea agreement or had gone to trial and been sentenced.

The Court: He has no information about anything else?

Ms. Milanes: no, Your Honor, that was useful.

(Sentencing Hrg. Transcript pp. 2 and 3, Criminal Docket No. 632)

The record clearly reflects counsel's multiple attempts to have Petitioner's cooperation considered by both the Government and the Court at sentencing.  The fact that counsel's argument was rejected does not constitute ineffective assistance of counsel. Tactical decisions, whether wise or unwise, successful, or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance of counsel.  <u>United States v. Ortiz-Rivera</u>, 717 F.2d 1, 4 (1st Cir. 2002).  Simply put, the third allegation of ineffective assistance of counsel brought by Camacho-Durán falls short when contrasted with the record of the case. Petitioner's final allegation of ineffectiveness is **DENIED**.

Civil No. 18-1219 (FAB)                                                   13

**Evidentiary Hearing**

Camacho-Durán, as part of his 2255 Petition, requested an evidentiary hearing.  Petitioner failed, however, to meet the requirements for an evidentiary hearing to be granted.

For Petitioner to succeed in his request, he must be able to demonstrate to the Court, by a preponderance of the evidence, not only that he was entitled to the 2255 petition for relief, but also to an evidentiary hearing, David v. United States, 134 F.3d 470, 477-478 (1st Cir. 1998); Reyes v. United States, 421 F. Supp. 2d 426, 430 (D.P.R. 2006).  Because Petitioner has failed to show he was entitled to relief pursuant to section 2255, he has also failed in his request for an evidentiary hearing.  Therefore, Petitioner's request for an evidentiary hearing is **DENIED.**

IV.   **CONCLUSION**

For the reasons stated, Petitioner Fidel Camacho-Durán's Motion filed pursuant to 28 U.S.C. § 2255 is **DENIED.**

This case is **DISMISSED with prejudice.**  Judgment shall be entered accordingly.

V.   **CERTIFICATE OF APPEALABILTY**

If Petitioner files a notice of appeal, no certificate of appealability shall issue because he has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

Civil No. 18-1219 (FAB)                                                 14

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 29, 2021.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              UNITED STATES DISTRICT JUDGE